IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY EVANS                                                              PLAINTIFF

      v.                              Civil No. 1:07-cv-01036

KEN JONES, Sheriff,
Union County, Arkansas                                                   DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Johnny Evans, a detainee of the Union County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His complaint was ordered filed *in forma pauperis* (IFP).  Now before the Court is the issue of whether the complaint should be served upon the defendant.   This matter was referred to the undersigned for a report and recommendation as to disposition.

On May 30, 2007, the undersigned entered an order (Doc. 6) directing the plaintiff to sign and return an addendum to his complaint.  The court received the addendum (Doc. 8) on June 6, 2007.

## I.  Background

Evans has been incarcerated for various periods of time at the Union County Jail from June of 2005 to the present day.  *Addendum* at ¶ 1.  He has been back forth between the jail and the East Arkansas Regional Unit of the Arkansas Department of Correction.  *Id.*

Evans alleges the grievance procedure at the Union County Jail is inadequate.  *Complaint* at page 4.  Although he has been able to submit grievances, *see addendum* at ¶ 3, Evans alleges he does not receive copies of his grievances back, does not receive responses to his grievances, and nothing was ever done in response to his grievances.  *Complaint*  at page 4; *Addendum* at ¶ 3.  When asked how he believed his constitutional rights were violated by the fact that he did not receive copies of

his grievances or responses to his grievances, Evans responded he was not sure but he believed grievances were an important part of resolving matters. *Addendum* at ¶ 4.  Additionally, without receiving the documents back, Evans indicated the inmates could not prove they had utilized the grievance procedure. *Id.*

Next, Evans alleges he made multiple requests to go to the law library and his requests were ignored. *Complaint* at page 4.  When he finally did get to go to the law library, Evans maintains the books in it were outdated and several books were missing. *Id.*  Evans was seeking access to the law library and/or legal materials in connection with a civil case and a criminal case. *Addendum* at ¶ 5.  He has an attorney representing him on his criminal case. *Id.*

He is able to send and receive both legal and personal mail. *Addendum* at ¶ 6.  He has access to basic writing supplies such as paper and a pencil. *Id.* at ¶ 7.  His attorney can visit him at the jail or communicate with him by phone or through the mail. *Id.* at ¶ 8.  Evans did not miss any deadlines for filing a case, a motion, or other specific documents with a court. *Id.* at ¶ 9.

## II.  Discussion

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of  [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  The claims asserted by Evans' in this case are subject to dismissal.

First, Evans' claims based on inadequacies in the grievance procedure are subject to dismissal.  Evans maintains his grievances were disregarded or ignored.  He does not allege he was treated differently from other similarly situated prisoners, or that his grievances were ignored because of his exercise of his First Amendment rights, or that his ability to exercise any specific constitutional right was chilled by defendant's actions.

"Inmates do not have a constitutionally protected right to a grievance procedure.  Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983." *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)(citations omitted).  *See also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)(inmates have no constitutional right to grievance procedure); *Blagman v. White*, 112 F. Supp. 2d 534 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure), *aff'd*, 3 Fed. Appx. 23 (4th Cir. 2001).

"Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts."  *Blagman*, 112 F. Supp. 2d at 542 (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Blagman*, 112 F. Supp. 2d at 542 (*citing, Scott v. Kelly*, 107 F. Supp. 2d 706 (E.D. Va. 2000), *aff'd*, 6 Fed. Appx. 187 (4th Cir. 2001)).  "Therefore, the refusal to process an inmate's grievance or failure to see to it that grievances are properly processed does not create a claim under § 1983." *Cancel v. Goord*, No. 00 CIV. 2042, 2001 WL 303713, *3 (S.D.N.Y. March 29, 2001).  The lack of a meaningful grievance procedure did not deprive Evans of access to the courts.  Accordingly, Evans' claims based on alleged inadequacies in the grievance procedure are subject to dismissal.

Second, Evans' claims that he has been denied access to the law library or access to legal materials are subject to dismissal.  "Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996)(*citing, Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494-95, 52 L. Ed. 2d 72 (1977)).  In *Myers*, the Eighth Circuit stated that:

[t]o protect that right, prisons must provide inmates with some access to legal materials or to legal assistance so that inmates can prepare and pursue complaints,

and with some ability to mail these complaints and related legal correspondence once prepared. Inmates do not have a right, however, either to law libraries or to unlimited stamp allowances for legal mail.  Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts.  To state a claim that a law library or legal assistance program violates this right, inmates must assert that they suffered an actual injury to pending or contemplated legal claims.  Alleging theoretical inadequacies is insufficient.  Inmates must instead show, for example, that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all.

*Myers*, 101 F.3d at 544 (citations omitted).

 In *Cody v. Weber*, 256 F. 3d 764 (8th Cir. 2001), the Eighth Circuit noted that the Supreme Court in *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) and *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977), "determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court.'"  *Cody*, 256 F. 3d at 767-68 (*quoting Lewis*, 518 U.S. at 354-55).

In this case, Evans' claim fails because he has suffered no actual injury.  Evans was able to file this civil rights claim, he had an attorney representing him in his criminal case, and he has identified no deadlines he missed with any court.  *See Klinger v. Department of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic).  Although "[p]ro se defendants have a right of access to adequate law libraries or adequate assistance from persons trained in the law," *United States v. Knox*, 950 F.2d 516, 519 (8th Cir. 1991)(quotations omitted), the right is not an abstract one and the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351.  Evans' allegations are

insufficient as a matter of law.

### III.  Conclusion

I therefore recommend the case be dismissed on the grounds that the claims are frivolous and fail to state claims upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Evans has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Evans is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of June 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE