IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY EVANS                                                                                          PLAINTIFF

VS.                                        CASE NO. 07-CV-1036

KEN JONES, Sheriff,
Union County, Arkansas                                                                          DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed on June 20, 2007, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 9). The Plaintiff filed objections to the Magistrate's Report and Recommendation on June 26, 2007.

The Plaintiff, Johnny Evans, has been incarcerated for various periods of time at the Union County Jail from June of 2005 to the present date. While at the Union County Jail, Evans submitted various grievances. He claims that he did not receive copies of his grievances back, did not receive responses to his grievances, and nothing was ever done in response to his grievances. Evans alleges that while in jail he made multiple requests to go to the law library and his requests were ignored. He also alleges that when he did get to go to the law library, the books were outdated and some were missing. On April 30, 2007, Evans filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, along with an *in forma pauperis* (IFP) application. By order of Magistrate Judge Barry Bryant, Evans was granted IFP status. The matter is now before the Court to determine whether service of process should issue on the defendant, Sheriff Ken

Jones. In his complaint, Evans alleges that the grievance procedure at the Union County Jail is inadequate and that he has been denied access to legal materials and the law library.

Judge Bryant recommends that Evans' case be dismissed on the grounds that the claims are frivolous and fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Evans objects to the Magistrate's findings and recommendations and asks that his complaint not be dismissed.

Pursuant to 28 U.S.C. §636(b)(1), the judge of the court shall conduct a *de novo* review of the findings of the magistrate which are objected to, and shall accept, reject, or modify the magistrate's findings and recommendations. After reviewing the record *de novo,* the Court adopts Judge Bryant's Report and Recommendation as its own.

Evans has claimed that the grievance procedures at the Union County Jail are inadequate because when he filed a grievance he did not receive a copy of the grievance back, did not receive a response to the grievance and nothing was ever done as a result of the grievance. He claims that these inadequacies violated his Constitutional rights. To establish a claim under 42 U.S.C. §1983, a plaintiff must show a deprivation, under color of law, of a right, privilege, or immunity secured by the Constitution or the laws of the United States. *Dunham v. Wadley,* 195 F.3d 1007 (8th Cir. 1999). Inmates do not have a constitutional protected right to a grievance procedure. *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002)(citing *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993)). Therefore, a prison official's failure to respond to an inmate's grievances or to return copies of those grievances to that inmate, without more, is not actionable under §1983. *Id.* Accordingly, Evans' claims based upon the inadequacies of the grievance procedures at the Union County Jail should be dismissed.

Evans has also claimed that he has been denied access to the law library and that the legal

materials available to him were inadequate.  He claims that this denial of access and these inadequacies violated his Constitutional rights.  Inmates enjoy a constitutional right to access to the courts and to the legal system.  *Lewis v. Casey,* 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996).  In order to protect this right, "prisons must provide inmates with some access to legal materials or to legal assistance so that the inmates can prepare and pursue their complaints." *Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996).  However, this requirement is bounded by the inmates' right of meaningful access to the courts.  *Id.*  To state a claim of denial of access to legal materials or that a law library is inadequate, an inmate must assert that he has suffered an actual injury to pending or contemplated legal claims.  Evans has not done this.  He does not claim that his efforts to pursue his legal claims have been hindered by such denial of access to the law library or by the library's inadequacies.  Therefore, Evans allegations are insufficient as a matter of law and should be dismissed.

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation and finds that the Plaintiff Johnny Evans' claims are frivolous and fail to state claims upon which relief may be granted.  *See* 28 U.S.C. §1915(e)(2)(B)(i)-(iii).  Accordingly, the Plaintiff's claims against the Defendant Ken Jones are hereby dismissed with prejudice.

IT IS SO ORDERED, this 14th day of August, 2007.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge